EVERFLORA MIAMI, INC., Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 94–07–00401.

Slip Op. 95–5I.

United States Court of
International Trade.

March 24, 1995.

Peter S. Herrick, Miami, FL, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice (Carla Garcia–Benitez, Esq.), Washington, DC, for U.S.

## OPINION AND ORDER

NEWMAN, Senior Judge:

### Introduction

Plaintiff, an importer of cut flowers from Colombia through the Miami, Florida Customs District, brings this action pursuant to to 28 U.S.C. § 1581(a), 19 U.S.C. §§ 1514(a) and 1520(c)(1) contesting the denial of four protests by the U.S. Customs Service ("Customs") as untimely filed; alternatively, plaintiff contests Customs' refusal to reliquidate the entries pursuant to § 1520(c)(1) grounded on a mistake of fact as to the identity of the Colombian grower/shippers, resulting in assessment of an incorrect rate of dumping duties assigned by the Department of Commerce on cut flower importations from Colombia. Currently before the court for decision is defendant's motion for a stay of discovery and/or protective order. For the reasons stated hereinafter, the motion is granted.

### Background

On November 23, 1994 plaintiff served on the Government two "subpoena duces tecum for deposition," the depositions to be held in Miami on December 19, 1994. Defendant responded by filing on December 15, 1994 a motion for a stay of discovery and/or protective order.

One subpoena directs defendant to produce in Miami, Florida "a witness from the Miami Customs District with the most knowledge of the protest and [section] 520(c)(1) proce-

dures," and to provide plaintiff with certain documents generated by the United States Customs Service ("Customs") "as to when late filed protests are to be acted upon and when and if late file [sic] protests be considered as claims filed pursuant to 19 U.S. [sic] § 1520(c)(1)."

The other subpoena commands defendant to provide "a witness from the Miami Customs District with the most knowledge of the dumping duty investigation of imported cut flowers," and to provide plaintiff with various documentation generated by Customs and the U.S. Department of Commerce relating to reimbursement statements and "how dumping duties were to be determined once the name of the shipper/grower was made known to Customs."

After service of the discovery subpoenas for the two depositions and production of documents, but prior to the date for the depositions, defendant on December 8, 1994 moved for severance of all entries except Entry No. 381–0064412–9 and of all protests except Protest No. 5201–93–10057 to the extent that Protest No. 5201–93–10097 covers Entry No. 381–0064412–9, for docketing of a separate severed civil action, Court No. 94–07–0401–S, to cover the severed entries and protests; and moved for partial judgment on the pleadings (or alternatively for summary judgment) dismissing such severed action for lack of jurisdiction and/or for failure to state a claim upon which relief may be granted.

Defendant predicates partial lack of jurisdiction in this case on the ground of untimeliness of the protests under § 1514 with respect to forty-two of the forty-three entries. Further, defendant asserts lack of jurisdiction and failure of the complaint to state a claim upon which relief may be granted on the insufficiency of the untimely protests to alternatively constitute notices of mistake of fact or other inadvertence and as requests for reliquidation under 19 U.S.C. § 1520(c)(1). Plaintiff has responded to defendant's motion for severance and partial judgment on the pleadings with a cross-motion for summary judgment granting reliquidation of the entries covered by the untimely protests under § 1520(c)(1).

In short, if defendant's pending motion for severance and dismissal is granted, the current civil action would continue with respect to a single entry, No. 381–0064412–9, covered by Protest No. 5201–93–10057, for which entry defendant concedes the court has jurisdiction in this action.

### *Parties' Contentions*

Defendant posits as grounds for a stay of discovery and/or protective order that the discovery sought by plaintiff will become unnecessary if a partial judgment of dismissal is granted for lack of jurisdiction; and in any event, even if defendant's motion for severance and dismissal is denied, plaintiff's mode of discovery should be limited to interrogatories and requests for production of documents. Defendant, moreover, maintains that discovery is unnecessary into the Customs Service's "protest and 520(c)(1) procedures" as there are no material issues of fact pertaining to that claim, and therefore, no material factual matters that could be the subject of discovery by deposition.

Plaintiff responds that, if it so chooses, it has the right to discovery by deposition, that it has the choice of discovery vehicles, their sequence, and timing, and that such rights of discovery exist even if only a single entry covered by the complaint survives defendant's motion for severance and dismissal.

### *Discussion*

■ Plaintiff's subpoenas named the United States as the deponent. CIT Rule 30(b) permits a party to serve a notice of deposition on oral examination and a subpoena upon the United States or an agency thereof and "describe with reasonable particularity the matters on which examination is requested." The Government must then designate one or more of its appropriate officers or employees to appear and give testimony at the deposition.

■ Plaintiff's subpoenas for the taking of depositions of the United States clearly failed to describe with reasonable particularity the matters on which examination is requested.

In one subpoena, plaintiff vaguely requests that defendant designate a witness from the

Miami District having the "most knowledge" of "protest and 520(c)(1) procedures," but completely fails to describe with reasonable particularity the factual matters for which deposition testimony is sought by plaintiff; and considering that the statute cited in the subpoena has national application to Customs, plaintiff submits no justification or explanation of why the designation of a witness by the Government should be restricted to the Miami Customs District.

In the other subpoena, plaintiff again, vaguely requests that defendant designate a witness from the Miami District having the "most knowledge" of "the dumping duty investigation of imported cut flowers," but again fails to provide even a hint as to the particular factual matters relating to such dumping investigation on which testimony by plaintiff is sought by deposition. Again, considering that the dumping duty *investigation* into sales at less than fair value (*viz.*, dumping margins) was conducted by the Department of Commerce, not Customs, plaintiff provides no explanation of why the designation should be restricted to a witness from the Miami Customs District.

Depositions on oral examination are an authorized, indeed very commonly used, form of discovery and are used not only for trial purposes, but in support of or in opposition to motions for summary judgment. As previously noted, plaintiff's cross-motion for summary judgment to defendant's motion for severance and partial dismissal on the pleadings is *sub judice*. Unfortunately, both plaintiff's brief and subpoenas are bereft of even a hint as to the factual matters on which examination is requested and upon which factual inquiries defendant must designate one or more appropriate witnesses to be deposed.

Consequently, appropriate as depositions may be as a discovery vehicle, the court cannot agree with plaintiff's contention that there is no basis for a stay of discovery or the issuance of a protective order in compliance with Rule 26(c). Matters relating to protests, requests for section 520(c)(1) reliquidation, and antidumping investigations, all involve a broad spectrum of diverse administrative responsibilities of the Customs Service and Department of Commerce. Yet, the subpoenas are addressed to the United States Government and narrowly request designation of witnesses from Miami having the "most knowledge" of the above-mentioned matters, but they utterly fail to comply with the requirement of CIT Rule 30(b) that a notice of deposition addressed to a Government agency disclose with reasonable particularity the factual matters on which examination is requested. Given the uncertain scope and nature of the deposition testimony to be elicited by plaintiff, the subpoenas impose an unreasonable demand and restriction on defendant in the designation of the appropriate witness or witnesses. Moreover, plaintiff surely recognizes the possibility that the court may find, as a matter of law, there is no jurisdiction in this case with respect to the forty-two of forty-three entries covered by the protests filed at the Miami Customs District and which are the subject of defendant's pending motion for partial judgment of dismissal on the pleadings or dismissal for failure of the complaint to state a claim upon which relief may be granted.